United States District Court
Southern District of Texas
**ENTERED**
September 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO LOPEK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00112 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Gerardo Lopez is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division and is currently incarcerated at the Lynaugh Unit in Fort Stockton, Texas. Proceeding *pro se*, Lopez filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 10, 2019.[1] (D.E. 1). Lopez's claims are somewhat unclear, but liberally construed, he challenges his conviction and three-year sentence for failing to register as a sex offender, as well as raising claims of ineffective assistance of counsel against both trial and appellate counsel. Respondent filed a motion for summary judgment contending that Lopez's claims are unexhausted and, alternatively, should be dismissed on the merits, to which Lopez has responded. (D.E. 19, 21). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted in part and Lopez's habeas corpus petition be dismissed without

---

[1] Lopez stated under penalty of perjury that he placed his petition in the prison mail system on April 10, 2019, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

prejudice because his claims are unexhausted.   It is further recommended that a Certificate of Appealability ("COA") be denied.

## I.  JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Lopez was convicted in Nueces County, Texas.  28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.  BACKGROUND

### a.   Petition and Claims

The claims in Lopez's *pro se* § 2254 petition are not entirely clear, but liberally construed, he seeks to challenge his 2018 conviction and sentence for failing to register as a sex offender because he was never convicted of a sex offense.  (D.E. 1 at 2, 6-7). Lopez indicates that his arguments are presented for the first time in his petition because both trial and appellate counsel refused to present them in state court.  (*Id.* at 8-9).  Lopez attached several state court documents and legal citations to his petition.  (*Id.* at 11-91).

### b.   State Court Records

On June 19, 1990, Lopez was charged in an indictment with one count of burglary of a habitation with the intent to commit felony sexual assault.  (D.E. 20-8 at 70-71).  On August 9, 1990, Lopez pleaded guilty to the charge "as alleged in the indictment" and was sentenced to 10 years' imprisonment.  (*Id.* at 72-75).  In 2012, upon his release on other charges, Lopez signed acknowledgment forms regarding his duty to register as a sex offender.  (*Id.* at 63-66).

2

On October 25, 2017, a Corpus Christi police officer arrested Lopez for public intoxication and discovered that Lopez had several warrants for his arrest.  (*Id.* at 45). The police subsequently determined that Lopez had not complied with the requirement that he register as a sex offender and a warrant was issued for his arrest.  (*Id.* at 31-32).

In December 2017, Lopez was charged in an indictment with one count of failure to register as a sex offender.  (*Id.* at 4).  On March 2, 2018, Lopez pleaded guilty to the charge and was sentenced to three years' imprisonment.  (*Id.* at 12-29, 77-81).

Lopez attempted to appeal his conviction to the Texas Thirteenth District Court of Appeals, but the court dismissed his appeal on April 19, 2018, because Lopez waived his right to appeal in his plea agreement.  (D.E. 20-1 at 1-2).  In October 2018, Lopez filed a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"). (D.E. 20-6 at 1-26).  On October 19, 2018, the TCCA indicated that Lopez missed the May 21, 2018, deadline to file such a petition, and stated that the court would not take any action.  (D.E. 20-4 at 1).

As of May 30, 2019, Lopez had not filed an application for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure.  (D.E. 19-3 at 2).  A review of the TCCA's online case records also indicates that Lopez has not filed an Article 11.07 motion.  *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last viewed September 17, 2019).

## III.  DISCUSSION

In the motion for summary judgment, Respondent argues that Lopez's petition should be dismissed because his claims are unexhausted.  (D.E. 19 at 6-8).  Respondent

3

contends that Lopez filed his petition for discretionary review outside the statutory time frame, which prevented the TCCA from hearing his claims on the merits, and never filed a state habeas application. (*Id.* at 8). However, Respondent contends that Lopez's claims should be denied on the merits regardless because he provides no explanation for why the requirement that he register as a sex offender, along with the current conviction and sentence that resulted from his failure to do so, are improper. (*Id.* at 9). Respondent argues that Lopez fails to allege a cognizable claim because he alleges no violation of the Constitution or laws or treaties of the United States. (*Id.*).

Lopez responds that he never raised his claims in state court because his appellate counsel was ineffective and did not update him on the status of his appeal. (D.E. 21 at 1-2). Moreover, he argues that the claims raised in his petition are clear. (*Id.* at 1). In a separate filing, Lopez argues that he pleaded guilty because he was threatened with a longer sentence and his trial counsel was ineffective. (D.E. 22 at 2-3). He also argues that he has been improperly deprived of a relationship with his children. (*Id.* at 14).

Under the applicable federal law, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).

The exhaustion requirement is not jurisdictional. *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005). Nonetheless, a petitioner's failure to comply with the exhaustion

4

requirement precludes federal court review of his claims. *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B). A petitioner may exhaust his state court remedies by filing either a petition for discretionary review or an application for habeas corpus relief with the TCCA. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A petition for discretionary review that the TCCA refuses to take action on as untimely is not sufficient to exhaust a petitioner's administrative remedies. *Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986).

A court may deny a § 2254 petition on the merits even where the petitioner has failed to exhaust his administrative remedies. 28 U.S.C. § 2254(b)(2). This is true because the exhaustion requirement arises from the principles of comity, which are less important where a petitioner's claim is "easily dismissed as frivolous by a federal court, thus saving a state court from needless and repetitive litigation." *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999).

Here, Lopez's petition should be dismissed without prejudice as unexhausted because: (1) Lopez concedes that he never raised his claims in state court; (2) the TCCA did not consider his petition for discretionary review because it was untimely; (3) the Clerk of the TCCA certified on May 30, 2019, that Lopez had not filed an Article 11.07 application; and (4) a search of the TCCA's cases indicates that he has not filed one since. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last viewed September 17, 2019); *Bautista*, 793 F.2d at 110-11; (D.E. 1 at 8-9; D.E. 19-3 at 2; D.E.

5

20-4 at 1).   To the extent that Lopez seeks to raise claims either on the merits of his conviction and sentence or of ineffective assistance of counsel, he must first raise them in an Article 11.07 application in state court.   *See* 28 U.S.C. § 2254(b)(1)(A); *Myers*, 919 F.2d at 1076.   Lopez has not established that this state process is unavailable or ineffective to protect his rights.   *See id.* § 2254(b)(1)(B).

Finally, denying Lopez's claims on the merits in this context would be premature, although the court has the authority to do so.   *See* 28 U.S.C. § 2254(b)(2).   Liberally construed, Lopez seeks to raise claims of ineffective assistance of trial and appellate counsel, along with his substantive claims related to his conviction and three-year sentence for failing to register as a sex offender.   (D.E. 1 at 6-9; D.E. 21 at 1-2; D.E. 22 at 2-3, 14).   No record has been developed regarding the ineffective-assistance claims because Lopez has not raised them in state court.   Moreover, Lopez's statement of his other claims is fragmented and unclear, and it would be premature to deny those claims on the merits before Lopez has an opportunity to develop and clarify them in state court. *See Mercadel*, 179 F.3d at 277 (noting that dismissal of unexhausted claims is appropriate where they can be "easily dismissed as frivolous").   Accordingly, it is recommended that Lopez's petition be dismissed without prejudice as unexhausted.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   Although Lopez has not yet filed a notice of appeal, the issue

of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Lopez's claims are unexhausted.  Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 19) be GRANTED in part.  Lopez's § 2254 petition should be DISMISSED without prejudice as unexhausted.   In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 18th day of September, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

8